THE STATE EX REL. FARRELL, Appellant, vs. HOWE and another, Respondents.

*February 27 — March 16, 1897.*

*Amendatory statutes: City of Superior, license fee in.*

Prior to the constitutional amendment of November, 1892, prohibiting· the amendment of city charters by special acts, the charter of the city of Superior fixed the license fee for the sale of intoxicating liquors therein at "not less than $500, any general law of the state to the contrary notwithstanding," and that provision of the charter has not been changed by any subsequent legislation but still governs the fee for such license in that city. Although sec. 1548, R. S., as amended by ch. 296, Laws of 1885, fixes the license fee generally at $200, yet sec. 6 of said amendatory act provides that it shall not be construed to diminish the sum to be paid for a license in any city or village, as provided by its charter and ordinances, and the effect of ch. 286, Laws of 1893, amending and re-enacting. such amended section, is to continue the same in force without any change except as to the time of the commencement and ending of the license year.

The State ex rel. Farrell vs. Howe and another.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The relator applied to the city council of the city of Superior in 1895 for a license for the ensuing license year for the sale of intoxicating liquors in said city. Such proceedings were thereafter duly had that such application was granted, and thereupon the applicant paid to the city treasurer of said city the sum of $200 as license money, upon the theory that such sum was the required amount to be paid in such cases. If such sum was sufficient, the applicant complied with all the conditions precedent to the issuance of his license. After such compliance, such applicant demanded of the proper officers of the city the issuance of his license, which was refused upon the ground that the sum required therefor was $500, as regulated by the charter provisions of the city covering the subject, instead of $200, as provided by the general law of the state. This action was brought to compel such officers to issue the license, and in that way to test the question of whether the charter provision of the city of Superior or the general law governs. Judgment was rendered in defendants' favor, and plaintiff appealed.

For the appellant there were separate briefs by *C. R. Fridley*, attorney, and *Spooner, Sanborn & Spooner*, of counsel, and oral argument by *A. L. Sanborn*. They argued, *inter alia*, that the effect of the constitutional amendment of 1892 was to prohibit all special legislation as to cities, etc., and require general laws to be enacted, and to be uniform throughout the state. Chapter 286 of the Laws of 1893 is a general law, and by its terms it applies to all cities. It is the only law now in force on the subject of liquor licenses, and it can have no validity if it does not apply to the city of Superior as well as to other cities. *State v. Camden*, 50 N. J. Law, 87; *State v. Jersey City*, 54 id. 49; *Haynes v. Cape May*, 52 id. 180; *Johnson v. Milwaukee*, 88 Wis. 383, 387; *Boyd v. Milwaukee*, 92 id. 456; *Palms v. Shawano Co.*

The State ex rel. Farrell vs. Howe and another.

61 id. 211. Chapter 286 of the Laws of 1893 repealed the law previously in force, and whatever provisions thereof were subsequently in force were so by virtue of their re-enactment. *Goodno v. Oshkosh,* 31 Wis. 127; *State v. Ingersoll,* 17 Wis. 631. A general law repeals an earlier law, or special provisions of an earlier law, with which it is inconsistent. 23 Am. & Eng. Ency. of Law, 426, 484, 485.

*Champ Green,* for the respondents.

MARSHALL, J. The charter of the city of Superior, prior to the constitutional amendment prohibiting the amendment of such charters by a special act, provided that the license fee for the sale of intoxicating liquors in such city should be "not less than $500, any general law of the state to the contrary notwithstanding." Such provision existed at the times covered by the proceedings involved in this case, and govern the subject, unless changed by ch. 286, Laws of 1893, hereafter mentioned. Sec. 1548, R. S., as amended by ch. 296, Laws of 1885, provided that the license fee for the sale of intoxicating liquors should be $200. In such act of 1885, by sec. 6, it was provided that sec. 1548 aforesaid, as amended by said act, should not be construed to diminish the sum to be paid for a license to sell intoxicating liquor in any city or village in this state, as provided by the charter and ordinances thereof. By sec. 1, ch. 286, Laws of 1893, sec. 1548, R. S., as amended by the act of 1885, was amended in respect to the time of the commencement and ending of the license year, and in no other material particular, and was re-enacted as so amended. Sec. 6 of the act of 1885, which is sec. 1563a, S. & B. Ann. Stats., was not changed by the act of 1893, but remained thereafter, as before, in full force.

From the foregoing it clearly appears that there has been no change in sec. 1548, R. S., since 1885, respecting the matters involved in this case. The effect of the act of 1893 was to continue sec. 1548, R. S., as it had theretofore existed in

all respects, except that in regard to the commencement and ending of the license year. Hence, with such exception, the law speaks from the time of its original enactment. This is governed by principles long settled and firmly intrenched in the jurisprudence of this state. *State v. Ingersoll*, 17 Wis. 631; *Goodno v. Oshkosh*, 31 Wis. 127; *Chapin v. Crusen*, 31 Wis. 209; *Cox v. North Wis. L. Co.* 82 Wis. 141.

The conclusion being reached that the act of 1893 is a mere continuation of sec. 1548, as amended by the act of 1885, relating to the amount required to be paid for the license, the contention that such act, unless applicable to all charters, is unconstitutional, as special legislation, does not arise.

It follows from the foregoing that the amount chargeable for a license to sell intoxicating liquors in the city of Superior at the time in question was governed by the charter provision of such city, which leads to an affirmance of the judgment.

*By the Court.*— Judgment affirmed.