THE STATE EX REL. GATES VS. THE COMMISSIONERS OF PUBLIC LANDS and another.

*April 6 — April 27, 1900.*

*Revision of statutes: Repeal of special statutes: Public lands.*

The continuation in the Statutes of 1898 of the general provision of the Revised Statutes of 1878 relating to the sale of swamp lands, and the repeal of all acts or parts of acts inconsistent with the new statutes, did not repeal a special statute (ch. 367, Laws of 1897), taking particular lands out of the control of such provision.

MANDAMUS to the Commissioners of Public Lands and James O. Davidson as state treasurer: *Peremptory writ denied.*

Sec. 205, R. S. 1878, fixed the minimum price of state swamp lands. By ch. 324, Laws of 1878, state lands within certain specified territory were withdrawn from sale and reserved for a state park. By ch. 367, Laws of 1897, ch. 324 aforesaid was repealed and certain lands therein mentioned, including the state park lands, were required to be appraised and placed on sale as therein provided. Such lands were appraised accordingly and measures taken to further execute the law. In August, 1897, the statutes of this state were

revised, sec. 205 of the Revised Statutes of 1878 being carried into the revision without change. The special law of 1897 was not expressly repealed. By ch. 345, Laws of 1899, such special law was amended and recognized as being in force.

On February 10, 1900, the relator applied to the *Commissioners of Public Lands* for leave to purchase a considerable quantity of state swamp lands under sec. 205, Stats. 1898, that were within the territory affected by the special act of 1897, and such proceedings were had as to entitle him to have his application granted if the lands applied for were subject to sale under such section. The *Commissioners of Public Lands* rejected the relator's application upon the ground that the sale of the lands applied for was governed by the special law of 1897.

The facts above related, in the main, were embodied in a petition verified by the relator and filed in this court, upon which an alternative writ of *mandamus* was regularly sued out, requiring the *Commissioners of Public Lands* to grant the relator's application or show cause why to the contrary on the return day of the writ. On such return day the respondents moved to quash the writ.

*Rublee A. Cole,* for the relator.
*The Attorney General,* for the respondents.

MARSHALL, J. The sole question that requires solution in this cause, raised by the respondents' motion to quash the alternative writ of *mandamus,* is, Did the continuation in the Statutes of 1898, of sec. 205, R. S. 1878, in connection with the repealing clause of the new statutes — repealing "all acts and parts of acts the subjects whereof are hereby revised and re-enacted or which are repugnant to its provisions,"— displace the special law of 1897 regulating the sale of state lands therein mentioned?

The rule is that a general law, or the mere re-enactment

· of a general law, will not repeal a special act by implication.. 23 Am. & Eng. Ency. of Law, 422, and notes; Endlich,. Interp. Stats. § 223; *Chew Heong v. U. S.* 112 U. S. 536; *Gilchrist v. H., H. S. & S. R. Co.* 47 Fed. Rep. 593.    Also that a mere re-enactment of a statute continues it without change as regards special laws within its general scope. *State ex rel. Farrell v. Howe,* 95 Wis. 530; *Baines v. Janesville,* 100 Wis. 369.

So there can·be no question but that the special law of 1897, governing the sale of swamp lands within the territory there designated, was unaffected by the mere carrying forward and continuation of the general law relating to the sale of such lands, which existed when such special law was enacted, into the revision of 1898; and the proposition under discussion must be resolved in the negative, unless the general repealing clause of the new statutes changes the situation. On that subject the law must be considered as settled by the decisions of this court, rendered when a similar question was presented for adjudication under the Revised Statutes of 1858.    The court then held that the general repealing clause of the revision only referred to general statutes, not to statutes regarding particular matters within their general scope. *Walworth Co. v. Whitewater,* 17 Wis. 193; *Janesville v. Markoe,* 18 Wis. 350. It was held in those cases, in effect, that the legislative purpose of the provision must prevail; that such purpose was clearly disclosed by the act authorizing the revision; that such act allowed the revisers to deal only with general statutes; that special laws and laws dealing with particular matters within the scope of general laws, were not to be disturbed by the revision, except as changed otherwise than by the general repealing clause; and that such clause referred to general laws only.

The reasoning which led to that conclusion applies perfectly to the present situation.    The new revision was authorized by ch. 306, Laws of 1895, which provided for 'a

compilation of existing general laws and the preparation and submission of a bill or bills for the correction of errors and the bringing about of harmony where repugnant provisions were found to exist; also, bills for additional sections where necessary to carry out the general spirit and design of the statutes.'

The whole scheme of the revision repels the idea that it was the legislative intent, by the mere continuation of the general provision of the old statute as to the sale of swamp lands, and the repeal of all acts and parts of acts inconsistent therewith, that it should displace a special statute taking particular lands out of the control of such provision. The rule in *State ex rel. Farrell v. Howe*, 95 Wis. 530, and *In re Gilbert*, 94 Wis. 108, applies.

It follows that the special law of 1897, regulating the sale of state swamp lands within the territory mentioned therein, is in force, and that the application of the relator for leave to purchase such lands under sec. 205, Stats. 1898, was properly rejected, and that the motion to quash the alternative writ of *mandamus* must be granted.

*By the Court.*— So ordered; and that the proceedings be dismissed with costs against the relator to be taxed according to law.