HALL *v.* MORRIS.

Opinion delivered April 18, 1910.

1. LEVEES—ACTION FOR DELINQUENT TAXES—SUFFICIENCY OF NOTICE.—Under Acts 1893, p. 24, and Acts 1895, p. 89, providing that delinquent taxes due to the St. Francis Levee District may be collected in a suit *in rem* against the lands, and that where the owner resides in the county he shall be notified by the service of personal service, but that "it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings," *held* that where a resident of lands was actually summoned as required by law it is immaterial that some of his lands are described in the complaint as belonging to an unknown owner. (Page 521.)

2. SAME—ACTION FOR DELINQUENT TAXES—JOINDER OF SEVERAL TRACTS.—In a suit to collect delinquent levee taxes several tracts belonging to one person may be joined in separate counts of a complaint. (Page 523.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*A. B. Shafer,* for appellant.

Where lands are erroneously proceeded against as owned by one not the owner, the sale does not effect the true title. 77 Ark. 477; 92 S. W. 26. There must be personal service of summons where the owner is in the county, or an occupant upon the land. 83 Ark. 534; 103 S. W. 737. A person brought into the court for one purpose is not there for all purposes. 70 Tex. 588; 9 S. W. 295; 87 Tex. 69; 26 S. W. 1060; 152 Ill. 468; 38 N. E. 932.

*L. P. Berry* and *S. V. Neeley,* for appellee.

It is immaterial that the ownership of the lands be incorrectly alleged in said proceeding. Acts 1895, p. 89. The notice was sufficient. 60 Ark. 373. The decree is binding on

all parties having an interest in said land. Kirby's Dig. § 5067. Before the decree will be vacated, appellant must show a meritorious defense.   50 Ark. 458.

FRAUENTHAL, J.   This was a suit instituted by the appellant to set aside a commissioner's deed executed in pursuance of a sale of certain land in Crittenden County, made under a decree of the chancery court of that county for the nonpayment of levee taxes due thereon.   The appellant claimed title to the land by conveyance from Susan Chase, who was the true owner of said land at the date of said decree; and the appellees claimed title thereto under the commissioner's deed executed to them as the purchasers of said land at the sale made by virtue of said decree.

On January 27, 1903, the Board of Directors of St. Francis Levee District filed its complaint in the Crittenden Chancery Court to enforce the payment of delinquent levee taxes due upon the lands therein mentioned.   This suit was brought under and by virtue of the provisions of the act of the General Assembly of the State of Arkansas approved April 2, 1895, amendatory of the act of February 15, 1893, creating the St. Francis Levee District.   The suit was brought against John F. Rhodes, Susan Chase, *et al.,* and the complaint described many tracts of land, each supposed owner's name being set opposite the tract alleged to be owned by him; and several tracts were set out in the complaint as owned by "unknown."   Several tracts were set out in the complaint as owned by Susan Chase; but the tract in controversy was set out as "unknown."   A summons was issued upon the complaint in the manner and form prescribed by statute regulating proceedings under the general chancery practice, and was duly served upon said Susan Chase in the time and manner prescribed by law; and as to the non-resident defendants and "unknown" owners a warning order was duly issued and published as required by law.   Thereafter, the said chancery court entered a decree reciting that said Susan Chase had been duly served with summons in said cause for the time and in the manner prescribed by law, and that certain other defendants, including "unknown," were duly summoned by warning order as required by law; and finding upon evidence that levee taxes for the year of 1902 were due and unpaid upon the tract of land in

controversy; and duly ordering the sale thereof. The land was sold under said decree to appellees, and the sale was duly confirmed by the chancery court, and a deed duly executed by the commissioner thereunder to appellees.

At the time of the institution of said suit to enforce said delinquent taxes and during the entire proceedings thereunder Susan Chase, who was the true owner of the land in controversy, was a resident of Crittenden County. It is contended that said decree, in so far as it relates to the land in controversy, is null and void because in the complaint the land was named as "unknown" as to the owner, and the levee taxes were enforced against same as such by notice by warning order only, whereas the land was owned by a resident of the county, and that therefore there should have been set out in the complaint opposite said land the name of the owner; and that personal service of summons should have been made on the resident owner of the land, in order to have given the court jurisdiction to enforce the levee taxes thereon.

The acts of the Legislature above referred to provide that the payment of the levee taxes assessed against the land shall be enforced by suit, and that "said suit shall be conducted in accordance with the practice and proceedings of chancery courts in this State." It is further provided that "where the owners are unknown, that fact shall be so stated in said published notice. And, as against any defendant who resides in the county where such suit may be brought, and who appears by the record of deeds in said county to be the owner of any of the lands proceeded against, notice of the pending suit shall be given by the service of personal summons of the court at least twenty days before the day upon which said defendant is required to answer, as set out in said summons. * * * And provided further, actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land." By said acts it is further provided that "said proceedings and judgment shall be in the nature of proceedings *in rem,* and it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings; and such judgment shall be enforced wholly against said land, and not against any other property or estate of said defendant. All, or any part, of said delin-

quent lands for each of said counties may be included in one suit for each county, instituted for the collection of said delinquent taxes, etc., as aforesaid, and all delinquent owners of said land, including those unknown as aforesaid, may be included in said one suit as defendants." (Acts 1893, p. 24; Acts 1895, p. 88.)

By virtue of these acts the chancery court of Crittenden County acquired jurisdiction over the subject-matter of enforcing the payment of delinquent levee taxes-assessed against the land involved in this suit, and that jurisdiction became complete when it gave the notice of the pendency of the suit in the manner prescribed by the acts. It was provided therein that such notice shall be given by personal service of summons upon an owner of land who resides in the county, and who appears by the record of deeds of said county to be the owner thereof. Notice of the pendency of that suit was given by personal service of summons upon Susan Chase in the manner prescribed by the said acts. This we think was the proper mode of giving the notice of the pendency of said suit relative to all lands mentioned in the complaint and owned by Susan Chase, who was a resident of the county, and the chancery court thereby acquired jurisdiction thereof. It is no valid objection to the acquisition of that jurisdiction that the land was noted in the complaint as to ownership as "unknown." The act specifically provides that "it shall be immaterial that the ownership of the lands may be incorrectly. alleged in said proceedings." (Acts 1895, p. 89.) When the owner was a resident of the county, it was only necessary to serve him personally with a summons in form prescribed in the chancery procedings in this State. That was done in this suit. It was not necessary in that summons to set out any tract of land, but generally to notify the defendant of the pendency of the suit. If the defendant owned several tracts of land which were so noted in the complaint, the service of only one summons on such defendant was necessary. Such summons was sufficient to give him notice of the pendency of the suit and of every tract of land therein proceeded against, and it was immaterial that some tracts owned by him were noted in the name of another owner or "unknown." By the service of such summons the court acquired jurisdiction over every tract of land proceeded against which such defendant actually owned.

The proceeding instituted for the enforcement of the levee taxes was not equivalent to separate actions founded on separate complaints against the separate tracts of land and then a consolidation of those actions; but it was in effect one action founded on one complaint with separate counts against the separate tracts. So that only one summons had to be issued against and served upon each defendant or owner in order to give to the court complete jurisdiction over every tract of land mentioned in the complaint and owned by such defendant.

In the case of *Ballard* v. *Hunter,* 204 U. S. 241, there were involved tax sales made under these acts of the Legislature. In that case the court, speaking of these acts, said: "The statutes of the State under which the taxes were levied virtually make the land a party to the suit to collect the taxes. It is from the lands alone, and not from their owner, that the taxes are to be satisfied, and each acre bears its part. The burden of taxation could have been easily and definitely assigned by the court. Mistake in ascribing the ownership of the lands did not increase the taxation, or cast that which should have been paid by one tract of land upon another tract." In the case of *Ballard* v. *Hunter,* 74 Ark. 174, an attack was made upon a decree made under the above acts of the Legislature ordering the sale of land for the enforcement of levee taxes, upon the ground that the owner of the land was not named in the tax proceedings as a party. In passing upon that contention, this court said: "The fact that the lands in controversy were the property of Mrs. Josephine Ballard, and that she was not made a party defendant to the suit instituted to enforce the collection of the tax thereon, does not affect the decree therein and the sale thereunder. The act provides that such suit and decree shall be in the nature of proceedings *in rem,* and that it shall be immaterial that the ownership of the land may be incorrectly alleged in said proceedings."

To give the court jurisdiction under this tax proceeding over a tract of land owned by a resident of the county, it was necessary to serve such owner personally with summons. When that was done, the jurisdiction of the court was complete; and it was immaterial that the ownership was incorrectly alleged in the complaint or other proceedings; and therefore immaterial

that it was alleged "unknown" as to ownership, or that, in addition to the notice by personal service of summons on the owner who resided in the county, a warning order was also published. The decree, therefore, was made after the chancery court had acquired full jurisdiction in the premises, and is valid and conclusive against collateral attack.

The decree is affirmed.