## JONES v. OLDHAM.

### Opinion delivered July 7, 1913.

1. STATUTES—REPEAL BY IMPLICATION.—A general act does not repeal, by implication, a prior special act on the same subject when the acts are not repugnant nor inconsistent. (Page 28.)

2. ROAD IMPROVEMENT DISTRICTS—REPEAL OF STATUTES.—General Act 302, p. 1179 of Acts, 1913, which creates the Department of State Lands, Highways and Improvements, does not repeal Special Act 212, p. 864, of the Acts of 1913, creating certain road improvement districts in Lonoke and Prairie counties. (Page 28.)

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

The question presented by this appeal is whether a special act, No. 212, of the 1913 session of the Legislature entitled, ''An Act Creating Certain Road Improvement Districts for the Purpose of Building, Constructing, Maintaining and Repairing the Public Roads of Lonoke and Prairie Counties,'' is repealed by Act No. 302, of the said session of the Legislature, entitled, ''An Act Creating the Department of State Lands, Highways and Improvements.''

Appellant, in his petition, sets out that he is an owner of a large tract of land within the boundaries of said District No. 2, in Lonoke County; that the commissioners designated in the special act to carry on the said road improvement have organized themselves into a body and formulated plans for making the road improvements, at a cost of $120,000, and made contracts look-

ing to the carrying out of the plans and completing the project; that the benefits accruing to the tract of land by reason of the improvement have been assessed and extended against the lands and the commissioners are about to contract for the sale of bonds and the awarding of the contracts. He alleged further that the act under which they were proceeding was a special act and that Act 302 is a general act and that the road improvement district was not created in accordance with its provisions and prayed for an injunction.

A demurrer was interposed to the complaint and the court held that the special act was not repealed by the general law and dismissed the complaint for want of equity, and from the judgment this appeal is prosecuted.

*James B. Reed,* for appellant.

The special act was repealed by the later general act covering the same subject-matter. The special act conflicts with the general act in that it names the commissioners of the district, and fixes the boundaries thereof, whereas the later act leaves the boundaries to districts to the State Highway Commission and the county courts, and provides for the appointment of an engineer to take charge of and supervise the work. 88 Ark. 324; 82 Ark. 306; 97 Ark. 546; 134 U. S. 206; 78 U. S. 153; 100 Ark. 504; 92 Ark. 600.

*Thos. C. Trimble, Jr.,* and *Chas. A. Walls,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

It was not the intention of the Legislature to interfere in any manner with existing laws relating to the creation of highway, drainage or other improvements.

A general law does not operate to repeal a special law upon the same subject passed previously at the same session of the Legislature. 4 Ark. 410; 78 Ill. 548. An act repealing all laws and parts of laws in conflict with it does not repeal those not in conflict. 73 Ark. 533.

A general statute does not repeal a prior special

statute where there is no express repeal and no invincible repugnancy between the two. 93 Ark. 621.

In construing a statute, it is the duty of the courts to give it, if possible, such construction as will render it effective. 63 Ark. 576. And where an act is passed within a few days after the passage of another act on the same subject, it will not be presumed that the Legislature intended to repeal the act first passed, unless there is an irreconcilable conflict between the two. 84 S. W. 641. See, also, 84 S. W. 408; 116 Ill. App. 481; 82 N. W. 549; 106 Wis. 584.

Repeals by implication are not favored. The repugnancy or inconsistency between two acts must be wholly irreconcilable in order to work a repeal of the former act by the later one. 50 Ark. 132; 72 Ark. 119; 120 Cal. 384; 82 Ill. App. 227; 59 N. E. 1124. The presumption is always against the intention to repeal where express terms are not used. 100 Va. 687; 109 U. S. 1035.

Where a special act applies in a particular case, it excludes the operation of a general act upon the same subject. 84 Ark. 329; 68 Ark. 130.

KIRBY, J., (after stating the facts). The special act names the commissioners of Road District No. 2, prescribes all their duties for the carrying out of the contemplated project and improvement, and fixes the boundaries of the district. It is complete within itself, furnishing all the authority and procedure necessary for the completion of the contemplated improvement. The general law, creating the Department of State Lands, Highways and Improvements, provides that road improvement districts ''may be formed under it'' and the manner of their organization, but it also makes provisions for the construction of highways, drainage and levee improvement districts, bridges, ditches and other improvements of like kind.

Said department is authorized to collect statistics and data on the subject of roads, drainage and other improvements and to give its service free to all State and county officers having need therefor, and it is author-

ized by section 15 of the act to investigate any highway or other public improvement and make a report thereon. It can require reports and information from the various county judges, commissioners of road improvement districts and other officers at its discretion and is required to prepare a uniform system of blanks upon which all officers employed on public improvements shall make regular reports to the department.

Section 20 provides: "The department shall aid and advise in the formation and management of roads and other improvement districts throughout this State, and it may detail such officers and employees for the promotion and organization of such districts, as it may see fit, as well as for the introduction of improved methods or systems of any kind in road building, and public improvements."

It is required by section 19 to furnish uniform plans and specifications for highway improvements when requested by the proper authorities and if the improvement is of sufficient importance, required to send a qualified expert to plan or supervise the same.

Section 39 prescribes how applications shall be made for improvements "under said act" and how the district may proceed under its terms where a charter has been granted "under same."

The State highway engineer may be detailed by the commission to assist any district when called upon for his services.

In section 59, the department is required to direct and supervise all improvements in any highway charter in the district, "created hereunder" and in section 77, whenever any road or highway is being supervised or improved under this act," etc.

A proviso in section 33 states: "Provided, the supervision and approval of the State Highway Commission shall be proper only in case of districts and organizations created under this act."

Section 86 provides that all laws in conflict herewith are hereby repealed.

Repeals by implication are not favored and the general rule is that a general act does not repeal a prior special act on the same subject where the acts are not repugnant nor inconsistent. *Chamberlain* v. *State,* 50 Ark. 132; *State* v. *Grayson,* 72 Ark. 119; *State* v. *S. W. Land & Timber Co.,* 93 Ark. 621.

There was by this act no express repeal of the special act providing for the creation of road improvement districts in Lonoke County, and of course the general clause repealing all laws in conflict does not operate to repeal any law not in conflict. *Pratt* v. *Dudley,* 73 Ark. 57; *Struther* v. *People,* 116 Ill. App. 481; *State* v. *Commissioner of Public Lands,* 106 Wis. 584, 82 N. W. 549.

There is no irreconcilable inconsistency or repugnancy between the two acts and the improvement can be carried on under the provisions of the special act without the necessity for applying any of the provisions of the said general law. The Legislature could easily have expressly repealed the special act if there had been any intention upon its part to do so, or the same result would have followed had the provisions of the general law been such as to manifest a clear intention that it only was applicable to all improvements of the kind included in it thereafter to be made. *Chicago, R. I. & P. Ry. Co.* v. *McIlroy,* 92 Ark. 601; *King* v. *McDowell,* 107 Ark. 381; 155 S. W. 501; *Trehy* v. *Marye,* 100 Va. 40. No such clear intention, however, appears from its provisions, but, on the contrary, from the proviso in section 33, it appears expressly that the supervision and approval of the State Highway Commission is proper only in cases of districts and organizations created under the act manifesting an intention to limit its application to districts and organizations created under its terms. We hold, therefore, that there was no repeal of the special act by the general law.

There is no intention of passing upon the scope and effect of said general law further than to hold that it does not repeal the said special act providing for the making of improvements in Lonoke and Prairie counties.

The court committed no error in sustaining the de-

murrer to the complaint and dismissing it for want of equity. The decree is affirmed.