NORPHLET SCHOOL DISTRICT No. 50 *v.* EL DORADO SPECIAL SCHOOL DISTRICT No. 15.

4-3352

Opinion delivered February 19, 1934.

*Coulter & Coulter,* for appellant.

*Coleman & Riddick,* for appellee.

JOHNSON, C. J. Invoking equity jurisdiction, this suit was instituted by appellant against appellees, El Dorado Special School District No. 15, and the county treasurer of Union County, Arkansas, seeking an injunction restraining said treasurer from paying over to appellee district $8,685.16, to the end that said sum may be finally determined the property of appellant.

The material allegations of the complaint and amendment thereto were as follows: "Second: That, under a certain order and decree of the Garland Chancery Court made and entered on August 6, 1929, there was recovered from the Lion Oil Refining Company, as overdue taxes, the sum of $25,000, $8,685.16 of which was due the plaintiff herein as its distributive share of said fund; that on August 16, 1929, the said sum of $8,685.16 (together with other sums not here involved) was paid to·T. L. Burnside as treasurer of Union County, Arkansas; that said sum, as above stated, was the property of plaintiff herein; that it was paid on properties located in said plaintiff district, and not on property any part of which was located in said defendant district; that said sum was arbitrarily credited to defendant, El Dorado Special School District

No. 15, and that said defendant district still holds and retains said fund to the damage of the plaintiff in said amount.

"Plaintiff states that the question of the distribution of the fund involved in said suit was not an issue raised in the pleadings (in the Garland Chancery Court); that neither it nor the defendants were parties to the cause of action in which said decree and order were entered; that it knew nothing of said decree and order until long after the period of appealing therefrom had expired; that the order allotting any portion of the fund involved to defendant school district was solely under an *ex parte* proceeding, without notice to plaintiff, and without any foundation in fact to support it, and without validity or effect, and wholly inoperative to adjudicate the rights of the parties hereto; and that the parties to this action all reside in Union County, and that the fund in controversy is on deposit with the treasurer of this county."

To the complaint, as thus amended, appellees interposed a general demurrer, which was sustained by the trial court, and this appeal is prosecuted to reverse the decree dismissing appellant's complaint for want of equity.

It will be noted from the allegations of the complaint that the sums sought to be recovered accrued by reason of a certain suit prosecuted in the Garland County Chancery Court, wherein the State of Arkansas was plaintiff and the Lion Oil Refining Company was defendant.

It was determined in that case: "It is therefore by the court considered and ordered that the said special counsel do pay over to the respective treasurers of the several funds the appropriate amounts due thereunder, according to the tax rate applicable for the year 1928, to which the court doth find each entitled, the following sums of money, to-wit: * * *

"To Thad L. Burnside, county treasurer of Union County, for county and school purposes, $12,545.23, to be credited as follows:

"12. County Gen. Fund.................@ 5 M. $ 2,412.55
"13. Road Fund ............................ 3 M. 1,447.52
"14. City of El Dorado.................. 18 M. 8,685.15

"15. Total to County Treasurer..................$12,545.23"

The suit referred to in the Garland Chancery Court was an overdue tax proceeding, which was authorized by §§ 10,204 to 10,214, Crawford & Moses' Digest of the laws of Arkansas.

In conformity with § 10,208 of Crawford & Moses' Digest, the Garland Chancery Court decreed the amount due the State, county, school districts and municipalities, and directed payment thereof accordingly.

Appellant's first insistence is that § 10,208 was impliedly repealed by § 5 of act 157 of 1923, which provides: "All moneys collected under the provisions of this act, less the compensation of special counsel fixed under section two (2) hereof, shall be paid over promptly to the State Treasurer, who shall issue his receipt therefor."

To determine the significance of § 5, it is necessary to determine the scope of the whole of act 157 of 1923.

Section 1 of said act provides: "That when there shall be past due and unpaid any special license fee, franchise tax, privilege tax or other moneys due the State, by individuals, officers, companies, firms or corporations, etc."

Section 2 of said act provides for compensation for special counsel employed in the prosecution of suits under said act.

Section 3 provides the venue of suits prosecuted thereunder.

Section 4 gives to the Attorney General discretion in effecting compromises in cases brought under provisions of said act.

Section 6 provides: "All laws and parts of laws in conflict herewith are hereby repealed, except that this act shall not be so construed as to repeal §§ 10,204 and 10,214, both inclusive, of Crawford & Moses' Digest, nor act 194, approved March 20, 1915."

Section 7 is the emergency clause.

From the synopsis given, it is seen that act 157 of 1923 deals with an entirely different subject to that dealt with under §§ 10,204 to 10,214 of Crawford & Moses' Digest. The sections of Crawford & Moses' Digest referred to deal exclusively with general taxes due the State, county, school districts and municipalities because of under valuations in assessments. On the other hand, act 157 of 1923 deals exclusively with special license fees, franchise taxes, privilege taxes or other moneys due the State, etc. Thus it appears that act 157 of 1923 does not impliedly repeal the sections of Crawford & Moses' Digest heretofore referred to.

Repeals by implication are not favored. *Crittenden v. Johnson,* 11 Ark. 103; *Eason* v. *State,* 11 Ark. 496; *Carpenter* v. *Little Rock,* 101 Ark. 238, 142 S. W. 162; *Jones* v. *Oldham,* 109 Ark. 24, 158 S. W. 1075; *Eubanks* v. *Futrell,* 112 Ark. 437, 166 S. W. 172.

Moreover, § 6 of act 157 of 1923 specifically exempts §§ 10,204 to 10,214, both inclusive, of Crawford & Moses' Digest, from the operation of said act, thereby evincing a legislative determination not to repeal said sections, but to leave them in full force and effect.

Since §§ 10,204 to 10,214 of Crawford & Moses' Digest were not repealed by act 157 of 1923, it necessarily follows that the Garland County Chancery Court had jurisdiction of the parties and subject-matter in the case there pending, and had full power and authority to designate and determine to what subdivisions of the State said funds belonged. This was a question of fact to be determined from the testimony then and there introduced, and its determination and decree cannot be attacked collaterally. *Hall* v. *Morris,* 94 Ark. 519, 127 S. W. 718; *Campbell* v. *Jones,* 52 Ark. 493, 12 S. W. 1016; *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390, 142 S. W. 836.

It follows from what we have said that the decree must be affirmed.