The Honorable H.G. Foster Prosecuting Attorney P.O. Box 1105, Faulkner County Courthouse Conway, Arkansas 72032
Dear Mr. Foster:
This is in response to your request for an opinion on the following questions:
 Faulkner County contracted with Nabholz Construction Company to build the new jail. Nabholz Construction Company has requested that Faulkner County release the retainage under the requirement of Act 79 of 1969, as amended. It is Faulkner County's position that under Act 235 of 1977, they are under no obligation to release this retainage until thirty (30) days after the contract has been substantially completed. Please advise whether Faulkner County is obligated to release this retainage or may hold it until `substantial completion.'
 Further, does not Act 235 of 1977, Section 6, in effect override Act 79 of 1969 and Act 77 of 1973, due to the fact that they appear to be in conflict with said Act 235?
It is my opinion, assuming that a performance bond was required on the contract, that Faulkner County is not required to release the retainage until substantial completion of the contract. It is my opinion, in response to the second part of your question, that Act 235 of 1977 did not repeal Act 79 of 1969 and Act 77 of 1973, because such acts are not in conflict.
The acts to which you refer are codified at A.C.A. §§22-9-501—505 (1987) and 22-9-601—604 (1987). The former statute, which was enacted first, provides generally that on certain public contracts, the contractor may withdraw the whole or any part of the amount retained for payments to him by depositing securities with the State Treasurer. The latter statute provides that on contracts where the contractor is required to furnish a performance bond, the contractor is entitled to ninety percent of the earned progress payments when due, with the public agency retaining ten percent to assure faithful performance of the contract. The retained sums are to be held in escrow and "shall be paid to the contractor within thirty (30) days after the contract has been substantially completed." A.C.A. § 22-9-604(b).
It is my opinion that if a performance bond was required on the contract,[1] Faulkner County is required to release the retainage only within thirty days of substantial completion of the contract. If a performance bond was required, A.C.A. §22-9-604 is applicable and mandates this result. It is my opinion, with regard to this contract, that no issue arises as to the potential conflict between this statute and A.C.A. § 22-9-501
because, in my opinion, A.C.A. § 22-9-501 is not applicable to contracts made or awarded by counties.
The pertinent language of A.C.A. S 22-9-501 provides as follows:
 (a) Under any contract made or awarded by the state or by any public department or official thereof
including the construction, improvement, or repair of any and all ways roads, or bridges with appurtenances which by law, are under the supervision or the State of Arkansas or any political subdivision the contractor may withdraw (the retainage upon depositing securities. . . .) [Emphasis added.]
This statute, in my opinion, only applies to state awarded contracts. Although the statute does mention political subdivisions, this reference is used only in describing which state contracts are included under the statute; that is, state contracts for the improvement of roads which are under the "supervision" of political subdivisions. The statute does not provide, however, that any contracts awarded by political subdivisions fall within its terms.
The emergency clause of Act 79 of 1969 (Section 9) does mention political subdivisions by stating that:
 It is hereby found and determined . . . that many contractors enter into contracts with the State of Arkansas or one of its political subdivisions for the performance of work; that until a certain percentage of the work is done . . . the contractor does not receive any of the contract price . . . that the contractor needs cash in order to pay for materials and labor in constructing such projects; and that in order to provide an acceptable method of receiving part of the contract price, it is necessary that this act become effective immediately. [Emphasis added.]
It has been stated, however, that "an emergency clause in [a] statute is given little or no significance in the interpretation of statutes, since such clauses are inserted, usually as a matter of form, to make the act effective at once." Sutherland,Statutory Construction § 71.06 (4th ed). Such clauses, however, may be resorted to in determining legislative intent when there is an ambiguity in an act. City of Fort Smith v. Brewer,255 Ark. 813, 502 S.W.2d 643 (1973). Like the title of an act, however, in my opinion, such clauses may not overcome plain and unambiguous words in the body of an act. See generally Weirv. U.S., 339 F.2d 82 (8th Cir. 1964).
Although it is a little unclear, it is my opinion that the reference to political subdivisions in the emergency clause of Act 79 of 1969 does not overcome the language in the text of the act making A.C.A. § 22-9-501 applicable only to state awarded contracts. Additionally, the fact that the act requires deposit of the securities with the State Treasurer, a state official, and other references in the act to "amount(s) deducted by the state or by any public department or official thereof . . ." (see A.C.A. § 22-9-504) indicate, in my opinion, that the act has applicability only to state contracts. It is therefore my opinion that the applicable statute, assuming a performance bond was required, is A.C.A. § 22-9-604, which requires release of the retainage within thirty days of substantial completion of the contract.
The second part of your question inquires as to whether Act 235 of 1977, which carried a repealer clause, in effect "overrides" Act 79 of 1969 and Act 77 of 1973 (A.C.A. § 22-9-501) because they appear to be in conflict. This question is moot as to the contract about which you inquire because we have concluded above that one of the statutes, A.C.A. § 22-9-501, does not apply to county awarded contracts. Because you have posed the question in the abstract, however, we will address it.
For our purposes, Act 235 of 1977 contained a general repealer clause, which repealed laws "in conflict" with it. It has been held, however, that a general clause repealing all laws in conflict does not operate to repeal any laws not actually in conflict. May v. McCastlain Commissioner, 244 Ark. 495,426 S.W.2d 158 (1968), citing Jones v. Oldham, 109 Ark. 24,158 S.W. 1075 (1913).
It is my opinion that there is no conflict between these two statutes. They simply apply to different contracts and, to this extent, A.C.A. § 22-9-501 has not been repealed. For example, each of the statutes apply to state awarded contracts. (A.C.A. §22-9-604 also applies to contracts of political subdivisions and nonprofit corporations.) If a performance bond is required on a state awarded contract, it appears that A.C.A. § 22-9-604 is the applicable statute. If, however, no performance bond is in effect (for example, on a highway contract (see A.C.A. §§ 19-11-402(b)(1) and 19-11-405)), the provisions of A.C.A. §22-9-501 are applicable and have not been repealed as to such contracts.
It is therefore my opinion that Act 235 of 1977 has not repealed Acts 79 of 1969 and Act 77 of 1973.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The statute applies to contracts between public agencies and a contractor "who is required to furnish a performance bond. . . ." It is unclear whether this language applies where a performance bond is required by law, or where a performance bond is simply required, as a matter of contract, by the public agency. The state statute requiring performance bonds on public contracts, A.C.A. § 19-11-405, does not apply to counties. See
A.C.A. § 19-11-402(b)(1). It is my opinion, however, that the language of A.C.A. § 22-9-604 applies anytime a performance bond is required by the public agency and is in effect on a public contract. This fact satisfies the intent of the statute, in my opinion, that ninety percent of contract sums should be released, where a performance bond is in effect.