The Honorable Sturgis Miller State Representative and Chairman Legislative Joint Auditing Committee 172 State Capitol Little Rock, Arkansas 72201
Dear Representative Miller:
This is in response to your request, on behalf of the Legislative Joint Auditing Committee, for an opinion on what effect the filing of a bankruptcy action has on the collection of property taxes. Specifically, you indicate that a particular school district is having financial difficulties which it attributes to an inability to collect delinquent property taxes due from a large corporation which has filed bankruptcy.
Although the law of bankruptcy is a federal law, with which this office has no particular expertise, and although I am unfamiliar with the facts surrounding the particular bankruptcy proceedings at issue, I can set out some general principles of bankruptcy law relating to the collection of property taxes.
Of course, in order for a school district to recover any funds in a bankruptcy proceeding, it must file a claim with the bankruptcy court. See 11 U.S.C. § 501. Assuming a timely claim has been filed, the priority of a governmental unit's claim for property taxes depends upon when the taxes accrued and were last payable. As a general matter, taxes which are incurred by the bankruptcy "estate" of the debtor, (that is incurred after the filing of the bankruptcy petition), get the highest priority, and are paid as an "administrative expense" of the estate. See 11 U.S.C. § 503(b)(1)(B) and 507(a)(1). If the property taxes were assessed by the governmental unit prior to the filing of the bankruptcy petition, and were last payable without penalty within one year of the filing of the bankruptcy petition, the claim is entitled to some priority under 11 U.S.C. § 507(a)(7). Such taxes are given seventh priority under the Bankruptcy Code after six other types of claims including administrative expenses and salaries of employees. If the property taxes were last payable without penalty more than one year before the filing of the bankruptcy petition, it appears they are not accorded any priority under the Bankruptcy Code and are on a par with the claims of most unsecured creditors.
Of course, the particular facts and circumstances surrounding an individual claim in a given bankruptcy proceeding may vary the general rules stated above. Reference should therefore be had to the particular facts at hand to determine the exact priority in a given case.
As a final matter you have requested that my office "investigate" the legal issues surrounding the collection of these taxes, and if it is determined that legal remedies exist, you ask that I contact the appropriate officials and request their immediate action to collect these taxes. If these officials do not take action, the Committee requests that this office take the appropriate action to collect the taxes. I must note, in response to this request, that this office only has authority to pursue collection of local property taxes in the event of fraud on the part of the taxpayer, and only when there has been an assessment and full payment of the taxes purportedly due. See A.C.A. 26-34-107. In addition, my general authority to pursue collection of taxes or other monies or to appoint special counsel to do so, is limited to monies due the state. A.C.A. 25-16-708. Local school districts are not the "state" for purposes of this provision. See Norphlet School District No. 50 v. El Dorado Special School District No. 15, 188 Ark. 875, 69 S.W.2d 400
(1934), app. dis. 293 U.S. 633 (1934).
I must conclude, therefore, that I am unauthorized to act on behalf of the school district in this instance. I am confident that the school district can employ competent counsel to protect its interests in this matter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh