INDEPENDENT SCHOOL DISTRICT OF FAIRVIEW, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF BURLINGTON AND OTHERS, Appellees.

School districts: EXTENSION OF BOUNDARIES: STATUTES. The act of 1 the 19th General Assembly providing that all the territory within an incorporated city, whether included in the original

incorporation or afterwards attached, shall be a part of the independent district or districts of the city, is not given retroactive effect when applied to such part of an outside district as was brought within the city prior to the enactment of the statute; the enlargement of the district being operative only from the date of the statute.

Same: CONSTITUTIONAL LAW: VESTED RIGHTS. School districts like other municipal corporations are subjects of legislative will; and an act providing that all the territory of an incorporated city shall constitute an independent school district or districts is not unconstitutional as affecting vested rights, although severing an existing district and taking in a portion of its territory.

*Appeal from Des Moines District Court.*— Hon. James D. Smyth, Judge.

Tuesday, September 22, 1908.

Action in equity for an accounting and other relief. Demurrer to the petition being sustained, the plaintiff appeals. *Affirmed.*

*Seerley & Clark,* for appellant.

*A. M. Antrobus,* for appellees.

Weaver, J.— The plaintiff and the principal defendant are independent school districts, and were both organized prior to the year 1881. The defendant district, as originally organized, comprised the territory within the city of Burlington, while the plaintiff district was organized of four sections of land lying immediately outside of said city. In 1881 the city by appropriate proceedings extended its boundaries in such manner as to include a part of the independent district of Fairview. On March 16, 1882, the Legislature of the State adopted a statute providing that all territory of an incorporated city or town, whether included within the original corporation or afterward attached thereto

in accordance with law, shall be or become a part of the independent district or districts of said city or town.   See chapter 118, Acts 19th General Assembly.   Acting presumably upon the theory that this statute had the effect to incorporate into the independent district of Burlington that part of the original independent district of Fairview included within the extended city limits, the county auditor, during all of the time from the year 1882 until the commencement of this action in the year 1906, did not enter or list the tax levied for the Fairview district against any of the property within the tract thus carved out, but did each year enter and list against such property taxes ordered for the Burlington district.   All of this the petition alleges has been done without authority of law, and without the knowledge or consent of the plaintiff, and an accounting for such moneys is demanded.   Other facts are pleaded to strengthen the equities of the plaintiff's case; but, as we think the statute above referred to is conclusive upon the rights of the parties, we shall not take the time or space required to state them. Counsel for appellant ground their contention that the statute did not have the effect to dismember the Fairview district, or to transfer any part of its territory to the Burlington district, upon three propositions:   First, that the statute is not retroactive; second, that, if retroactive, it is unconstitutional as affecting vested rights; and, third, the extension has never been claimed by the Burlington district as a part of its territory, but said district has permitted it to remain in the control of the plaintiff.

I.   With the general rule stated by plaintiff that all statutes should be construed as having prospective operation only, and not given retroactive effect except where the legislative intent therefor is expressly stated or necessarily implied, we are not inclined to disagree; but the case before us is quite clearly not one calling for its application.   To have the effect claimed for it by the defendants, it is not necessary to give

1. SCHOOL DISTRICTS: extension of boundaries: statutes.

the statute retroactive operation. The title to the act in question is as follows: "A bill for an act to include all of the territory of an incorporated city or town within the independent school district or districts now existing or hereafter to be formed." The body of the act, as we have already seen, declares, among other things, that all the territory of an incorporated city or town, whether included within the original incorporation or afterward attached, shall be a part of the independent district or districts of said city or town. It needs but a moment's reflection to see that to apply this statute to the case before us is not to give it retroactive effect. At the date of its enactment the city boundaries had already been extended and made to include a part of the Fairview district. In other words, the extension had then been fully accomplished and was a part of the existing conditions, and to hold that the statute had the effect to constitute all of the territory within the city limits, as extended, a single school district, is to give it present and prospective, and not retroactive, operation. Had the court attempted to make the enlargement of the said district operative from the date of the extension of the said boundaries, then the objection raised by the appellants would be pertinent; but such is not the effect of the judgment of the court, nor is such the apparent effect of the statute. The taxes for which plaintiff asks an accounting are all such as have been levied and collected since the enactment of the statute.

II. The constitutional question raised in the appellant's argument is without substantial foundation. School districts, like other municipal corporations, are creatures of

2. SAME: constitutional law: vested rights.

the statute. Their organization, powers, rights, and privileges, indeed, their very existence, are all creatures of the legislative will. The power that made them can unmake, and the power that gave can withhold or take away. This power may at times be unwisely exercised, and a statute generally wise may operate oppressively in individual instances; but these matters

are for legislative consideration alone. Accepting the allegations of the petition as true, the plaintiff district has been injuriously affected by the operation of this statute; but a recasting of its territory into a more convenient form is not impossible, and we cannot assume that an application to the defendant district for proper school facilities for the inhabitants of the severed territory, or to the county superintendent of schools for such relief as he may be able to furnish, will not meet with satisfactory response. But, however this may be, the remedy for the wrong, if any, is not within the province of the court to administer.

The demurrer to the petition was properly sustained, and the judgment entered by the trial court is therefore *affirmed.*