## BUNCH *v*. CHAFFIN.

### Opinion delivered January 27, 1913.

SCHOOL DISTRICTS—RURAL SPECIAL SCHOOL DISTRICT.—Section 7669 of
    Kirby's Digest, as amended by Act 321 of the Acts of 1909, provides
    that: "Upon the written petition of twenty persons * * * praying
    that the sense of the legal voters * * * may be taken on the adop-
    tion of this act for the regulation and government of public schools
    * * * it shall be the duty of the mayor (county judge, as amended)
    * * * to designate and fix a day not less than seven nor more than
    fifteen days distant for holding an election * * *." *Held*, that the
    provision fixing the time within which the election shall be held
    is mandatory, and an election to be valid must be held within not
    less than seven nor more than fifteen days after the order, desig
    nating a day therefor, is made by the county judge.

Appeal from Lee Chancery Court; *Edward D. Rob-
ertson*, Chancellor; reversed.

*H. F. Roleson*, for appellant.

The order directing the holding of the election was
invalid because it fixed the time for the election more
than fifteen days from the date of the order. Kirby's
Dig. § 7669; 48 Ark. 239; 61 Ark. 259; 51 Ark. 34.

*Charles E. Daggett*, for appellee.

The county court upon presentation of the petition
acquired jurisdiction and subsequent errors in the exer-
cise of the jurisdiction does not expose its order, which
is a judgment and entitled to all the presumptions in
favor of judgments, to collateral attack. 147 S. W.
(Ark.) 438.

SMITH, J.   The appellant filed in the Lee Chancery
Court a complaint in which he alleged that he was an
inhabitant of School District No. 14 in the county of Lee,
and the owner of real property therein, and the father
of children of school age. That on the 11th day of March,
1910, a number of inhabitants of School Districts Nos. 14,
36 and 15 filed with the county court of Lee County their
petition, praying that the territory of Districts Nos. 14
and 36 be attached to District No. 15; and thereupon the
county court, on the 4th day of April, 1910, ordered an

election to be held on the 11th day of May, 1910, upon the question of the creation of said district, in accordance with the provisions of section 7669 of Kirby's Digest and of Act No. 321 of the Acts of 1909, amendatory thereof. That at said pretended election the vote was in favor of the consolidation of said districts, and it was ordered that they be consolidated and formed into a special school district, known as Special School District Moro B, and that the persons elected as directors of said special school district are now proposing to issue $5,000 in bonds. The plaintiff prayed an order enjoining the issuance of the bonds and for such other relief as may be deemed equitable.

The defendants filed a general demurrer to this complaint which was sustained; and a final decree entered for the defendants from which decree this appeal was taken.

As stated above, the petition was filed March 11, 1910, and an order made April 4, 1910, for an election to be held on the 11th day of May, 1910. Is such an election valid under section 7669 of Kirby's Digest and Act No. 321, *supra?* The provisions of which are as follows:

Section 7669. Upon the written petition of twenty voters of such city or town, praying that the sense of the legal voters of said city or town may be taken on the adoption of this act for the regulation and government of the public school therein, it shall be the duty of the mayor of such city or town, within five days after the presentations of such petition, to designate and fix a day, not less than seven nor more than fifteen days distant, for holding an election in said city or town for that purpose and also for the election by ballot, at the same time, of a board of six school directors for said city or town.

Act 321. Section 1. That when the people of any given territory, in any county in this State, other than incorporated cities and towns, desire to avail themselves of the benefits of all laws of this State, for the regulation of public schools in incorporated cities or towns, they

may be organized into and established as a single school district, in the manner and with powers therein provided, with such modifications of said laws as are herein provided.

Section 2. That the petitions provided for in section 7669 of Kirby's Digest of the laws of Arkansas shall be accompanied by a map, showing the territory asked to be made into the special district, and shall be presented to the county judge of the county containing such territory, who shall perform the duties imposed upon the mayor of cities and towns in said original act, and with like force and effect, and said county judge shall designate the time and place of holding the election provided for therein, and shall appoint three qualified electors of the proposed territory to hold said election.

A question very similar to this was presented in the case of *Bonner* v. *Snipes,* 103 Ark. 298. There the petition was filed May 30, 1910, and the election ordered held June 11, 1910, but the returns of the election were cancelled by the court on June 13, for reasons not shown, and the action of the court in so doing was not questioned, and another election directed to be held on June 27, 1910, and at the election so held, the electors voted to establish the district. Mr. Justice KIRBY, speaking for the court, there said:

"It is contended next that the organization of the district was invalid because the order for the election upon the question of its establishment was not made within five days from the presentation of the petition therefor, and that the election was not held within fifteen days from the date it was ordered. The law does provide it shall be the duty of the judge within five days after the presentation of the petition to designate a time and place for holding the election and appoint the judges thereof, which time shall not be less than seven nor more than fifteen days distant from the making of the order, and the statute appears to be mandatory as to the time that can be fixed for the election, and if it is more than directory as to the duty of the judge to act within five

days after the petition is presented, this petition being on file and the court having, on the 13th of June, declared the election held on the 11th void, and revoked its order of May 30, and ordered another election for June 27, it can well be considered that the petition, being acted upon on said June 13, was presented within five days of that time, having in fact been before the county judge from the date of its filing, May 30, and no notice of its filing in the first place being required by law. The election upon the date fixed, the 27th of June, was not less than seven nor more than fifteen days distant from the date of the fixing of the time therefor, on June 13, and was in accordance with the requirement of the statute."

It will be seen that the five days provision was there treated, as if it had been complied with, if it was not directory; while the provision that the election should be held within not less than seven nor more than fifteen days of the date of the order therefor, was treated as being mandatory. However, we do now expressly hold that the provision, fixing the time within which the election shall be held, is mandatory and that an election to be valid must be held within not less than seven nor more than fifteen days after the order designating a day therefor is made by the county judge.

This election was not held within the time limited, under the allegations of the complaint, and the decree of the chancery court is therefore reversed and the cause remanded with directions to overrule the demurrer.

McCulloch, C. J., (dissenting). The necessary result of the decision in *Bonner* v. *Snipes* is to hold that the time (five days) within which the order for the election must be made is merely directory. Any language of the opinion which appears to the contrary is *dictum,* for the facts of the case were that the order for the election was not made within five days. If that feature of the statute is only directory I think it necessarily follows that the other provision, as to the time for holding election, is also directory, and not mandatory. If the rule laid down in *Bon-*

*ner* v. *Snipes* is to be adhered to, then this case ought to be affirmed, as the decision of the majority would, in my opinion, be in conflict with the decision in that case.