## EUBANKS *v.* FUTRELL.

## Opinion delivered April 13, 1914.

1. STATUTES—REPEAL—INTENTION.—A legislative enactment which treats entirely a subject covered by a prior act, and evidently intended as a substitute for the prior act, will be held to repeal the prior act, although there are no express words to that effect, and although the old act embraces provisions not covered by the new. (Page 440.)

2. CONSTITUTIONAL LAW—EXPEDIENCY OF LEGISLATION—COURTS.—The courts have nothing to do with the policy or expediency of legislation, so long as the legislative enactments do not violate the Constitution. (Page 441.)

3. STATUTES—REPEAL BY IMPLICATION.—An act will be held to repeal a prior act by implication only when that result is clearly manifest. (Page 441.)

4. SCHOOL DISTRICTS—CONSOLIDATION AND CREATION—REPEAL OF FORMER LAW.—Act No. 116 of the Acts of 1911, providing for the creation and consolidation of school districts, repeals those provisions of Act No. 321, Acts 1909, having to do with the consolidation of common school districts, but does not repeal that portion of the latter act which relates to the establishment of special school districts, which may still be formed under the old statutes. (Page 442.)

Appeal from Greene Circuit Court; *J. F. Gautney,* Judge; reversed.

The appellants are the regularly elected and qualified directors of Special School District No. 33 of Greene County. It is admitted that they, with other legal petitioners, filed their petition; gave the required notice; held the required election, and secured a majority of the votes cast at the election, for the establishment of their special school district under the provisions of Act No. 321 of the Acts of Arkansas for the year 1909, and the county court made its order establishing said special district. It is conceded that appellants complied with the provisions of said Act No. 321, and that said district has been properly established, provided said Act No. 321 has not been repealed by Act No. 116 of the Acts of 1911. An appeal was taken to the circuit court from the order of the county court establishing appellant special school district, and the circuit judge held that the said Act No. 321 had been repealed by the Act No. 116 of the Acts of 1911, and the correctness of that decision is the only question involved on this appeal.

The learned trial judge accompanied his declaration of law with a review of the two acts in question, and held in effect that the Act of 1909 had been repealed by implication by the Act of 1911, because the last act involved the same subject-matter and was a complete enactment, and for the further reason that the said Act No. 116 was in conflict and inconsistent with the act of 1909. The opinion of the trial judge was that the Legislature of 1911 had undertaken to legislate generally upon the subject of the consolidation of school districts and school territory, and had enacted a complete law for this purpose, and he expressed the opinion that there was an irreconcilable conflict between the provisions of the acts in question, which resulted in the repeal by implication of the first act.

The court vacated and set aside the order of the county court establishing this special school district and

appellants, as directors of that district, have duly prosecuted this appeal.

*Block & Kirsch* and *Johnson & Burr,* for appellants.

The later act did not repeal the former act for the reasons that:

1.   There is no repugnancy between the two acts.

2.   Each of said acts relates to different subjects.

3.   The later act did not take up the subject covered by the former, nor cover any part of the ground covered by said act.

4.   There is no repealing clause and no intention to repeal is shown.

5.   Repeals by implication are not favored.   144 S. W. 224; 75 N. E. 52; *Ib.* 55; 133 S. W. 329; 139 Ia. 249; 34 Ark. Law Rep. 389.

*M. P. Huddleston, Robert E. Fuhr* and *J. M. Futrell,* for appellees.

1.   The act is repealed by implication because it involves the same "subject-matter," is a complete enactment and is in conflict and inconsistent with the former act.   10 Ark. 558; 31 *Id.* 17; 76 *Id.* 32; 47 *Id.* 491; 80 *Id.* 411; 82 *Id.* 302.

2.   There is repugnancy between the two acts.   The former act is pernicious, and the later was intended to remedy its evils.   144 S. W. 224; 75 N. E. 55.

SMITH, J., (after stating the facts). Section 1 of the Act No. 321 reads as follows: "That when the people of any given territory in any county in this State, other than incorporated cities and towns, desire to avail themselves of the benefits of all laws of this State, for the regulation of public schools in incorporated cities and towns, they may be organized into, and established as, a single school district, in the same manner and with powers therein provided, with such modifications of said laws as are herein provided."

Section 1 of the Act No. 116 reads as follows: "Any two or more school districts in this State may be organized into and established as a single consolidated school

district in the manner and with the powers hereinafter specified.''

The law is well established that where the Legislature takes up an old subject anew and covers the entire ground of the subject-matter of the former statute, and evidently intends a substitute for it, the prior act will be repealed thereby, although there are no express words to that effect, and although there may be in the old act provisions not embraced in the new. *Lawyer* v. *Carpenter,* 80 Ark. 411; *Western Union Tel. Co.* v. *State,* 82 Ark. 302.

Appellees say that Act No. 321 was an ill-advised piece of legislation, and has resulted in the dismemberment of the districts which have in part been incorporated into Special School District No. 33, and show that portions of the old districts have been left without adequate school facilities, and it is shown that many other unhappy results are possible under the operation of this Act No. 321; and it is argued that these possibilities must have been and were apparent to the next Legislature which convened after its enactment, and that the subject was taken up anew and school districts were treated as entireties, and that therefore this last act repealed the first one.

We have set out the first section of each of these acts, and it is seen that the first act provided for the establishment of special rural school districts without regard to the boundaries of the common school districts out of which a special school district is established, and section 1 of the Act of 1911 shows the Legislature was dealing with school districts as entireties. It may be, and no doubt is true, that many individual hardships will result under the operation of this Act No. 321; but this suggestion was urged against it in the first case which arose under it and which reached this court after its passage, and it was there said: ''Of course, the act under consideration will have the effect, when put in operation in the manner designated in the act, to change the boundaries of common school districts within the territory

organized into single school districts, and thus may work
hardships in individual instances where the boundaries
of common school districts are disturbed by the changes
made; but with the policy or expediency of the legisla-
tion this court has naught to do, so long as the act does
not violate constitutional limitations." *Common School
Dist. No. 13* v. *Oak Grove Special School District,* 102
Ark. 411. The two acts provide different methods for
the establishment of special rural school districts and if
the first is not repealed by the last, the law is that spe-
cial school districts may be created by the consolidation
of common school districts, as entireties, or by taking
only portions of different common school districts, and
it is competent for the Legislature to enact that these
districts might be established in either manner.

Repeals by implication are never favored, and this
last act does not expressly repeal the first one; and we
will not hold that this result is accomplished by implica-
tion, unless that result is clearly manifest. *Chicago, R. I.
& P. Ry. Co.* v. *McElroy,* 92 Ark. 600; *De Queen* v. *Fenton,*
100 Ark. 504. But we do not think the intention of the
Legislature was thus manifested; but that on the con-
trary, the purpose of the last act was to provide another
method for the creation of special school districts.

The Legislature evidently thought it proper to allow
the electors to determine whether special rural school
districts should be established by the consolidation of
common school districts as a unit, or to establish special
districts by taking only portions of the respective com-
mon school districts; and while it may be true that one
method is wise and the other unwise, this is a question
of policy to be decided by the Legislature, and its action
in that respect is not reviewable by the court. The pro-
cedure for the establishment of the districts is not the
same under the two acts, but we do not deem it necessary
to point out the difference, as the Legislature had the
right to prescribe the manner in which either kind of dis-
trict might be formed. The case of *Common School Dis-
trict No. 13* v. *Oak Grove Special School District, supra,*

and the cases of *Bonner* v. *Snipes,* 103 Ark. 298, and *Bunch* v. *Chaffin,* 106 Ark. 306, indicate the practice where districts are formed under the act of 1909, and, although this act of 1911 provides a different procedure, it does not follow, because of this difference, that the last act repeals the first; because the Legislature, for any reason satisfactory to itself, could have prescribed such procedure for the establishment of either kind of district as it saw fit to do.

While we think there is no irreconcilable conflict between these acts, it is nevertheless true that the last provides the exclusive method by which common school districts, as entireties, may be consolidated, and to that extent the first act is repealed by the last. Under the first act common school districts might be consolidated in whole or in part; but the last act provides how districts may be consolidated as entireties and is exclusive when they are so formed, but it does not provide that special rural districts shall not be otherwise formed.

We conclude, therefore, that the acts relate to different conditions, under which special rural districts may be formed, and that both acts are in force, except that the first act does not now govern the consolidation of common school districts as entireties.

Accordingly the judgment of the court below will be reversed and the cause remanded.