## MORRIS *v*. LYONS.

### Opinion delivered January 18, 1915.

RES ADJUDICATA—JUDGMENT OF CIRCUIT COURT—IDENTITY OF ISSUES.—In an action brought in the circuit court by the Attorney General, the issue was to test the validity of the organization of a school district. The circuit court gave judgment in favor of the district; no appeal was taken from that judgment. Thereafter appellants brought an action in the chancery court to restrain the officers of the district from taking part in the management of its affairs. *Held*, the judgment in the first case is *res adjudicata*, because the issues raised in both cases were identical, and the judgment in the former case is conclusive in the latter.

Appeal from White Chancery Court; *John E. Martineau*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

B. C. Morris and others instituted this action in the chancery court against J. T. Lyon and others restraining the latter from in any manner interfering with the property or school affairs of School District No. 65 in White County, Arkansas. The facts, so far as are necessary for a determination of the issues raised by the appeal, briefly stated, are as follows:

In January, 1912, residents of School District No. 61 and School District No. 65, in White County, Arkansas, attempted to consolidate the two districts under the provisions of section 7669 of Kirby's Digest, and Act No. 321 of the Acts of 1909, amendatory thereof. On the 17th day of June, 1912, the county court of White County gave public notice under the statute that on the 3d day of February, 1912, an election would be held for the purpose of voting for the establishment of a special school district at McRea, Arkansas, composed of school districts No. 61 and No. 65. Certain residents of school district No. 65 appeared in the county court thereafter and remonstrated against the consolidation of school districts No. 61 and No. 65, and the formation of McRae Special School District. The county court heard the matter on the petition for the consolidation and the remonstrance

thereto, and denied the prayer of the petition. An appeal from the judgment of the county court was granted to the circuit court. The circuit court found that McRae Special School District, to be composed of the territory of school districts No. 61 and No. 65, was properly formed under the statute and rendered a judgment that the surplus funds in districts No. 61 and No. 65 should be turned over to McRae Special School District and directed the judge of the White county court to make an order in conformity with its judgment. No appeal was taken from the judgment of the circuit court.

Thereafter the Attorney General of the State of Arkansas, upon the relation of certain residents of the school district, instituted an action in the White circuit court against the parties who were elected directors of McRae Special School District, and in his complaint alleged all matters and things we have set out above.

Upon the hearing the circuit court held that the defendants were entitled to hold their offices as directors of McRae Special School District by reason of the former judgment of the White circuit court and dismissed the complaint of the Attorney General. No appeal was taken to the Supreme Court from this judgment.

In the present suit the chancellor found the issues in favor of the defendants and entered a decree dismissing the complaint of the plaintiffs. To reverse that decree plaintiffs have prosecuted this appeal.

*S. Brundidge, Jr.,* for appellant.

1. The McRae special district was never legally organized. Kirby's Dig., § 7669, as amended by Act 321, Acts 1909; 106 Ark. 406.

2. The judgment of the court sustaining the formation of said district was not *res adjudicata.* 3 Ark. 491; 6 Words & Phrases, 5608.

*J. N. Rachels* and *John E. Miller,* for appellee.

1. The district was legally formed. 103 Ark. 298; 102 *Id.* 311. At the time 103 Ark. 298 was the law applicable to this case.

2. The judgment of the White circuit court was *res adjudicata.* 60 Ark. 124.

HART, J., (after stating the facts). In the case of *Bunch* v. *Chaffin,* 106 Ark. 306, the court held that the provision fixing the time within which an election shall be held under section 7669 of Kirby's Digest was mandatory and that the election to be valid must be held not less than seven nor more than fifteen days after the order designating a day therefor is made by the county judge.

In the case of *Bonner* v. *Snipes,* 103 Ark. 298, the court held that a special school district is established under the statutes referred to if a majority of the qualified electors within the territory named in the petition before the county judge shall have voted for the establishment of the district, and that the act does not require that the county court shall make and enter of record any order as to such special election or relative to the establishment of the special school district.

Under the authority of these decisions it is contended by counsel for the appellants that the residents of School District No. 65 did not have a right to file a remonstrance in the county court against the formation of the McRae Special School District and that for that reason the judgment of the county court and the subsequent judgment of the circuit court upon appeal were erroneous.

They further insist that inasmuch as the county judge on the 17th day of January, 1912, gave public notice that the special election should be held on February 3, 1912, there was no authority to hold the election, the time being more than fifteen days from the time the order was made, and that for these reasons no valid election was held.

It may be conceded, for the purpose of this decision, that the contention of counsel for appellants in both these respects is correct, and still the decree of the chancellor must be affirmed.

It will be noted that the Attorney General instituted an action in the circuit court against the parties who had been elected directors of McRae Special School Dis-

trict, in which all these facts were set up, and the circuit court rendered a judgment dismissing the complaint of the Attorney General and from this judgment no appeal was prosecuted.

In the case of *Beavers* v. *State,* 60 Ark. 124, the court held that an action by the Attorney General in the nature of *quo warranto* proceedings against the directors of a school district is a proper method to test the legality of the organization of the school district. The court said: "This action was brought by the Attorney General in the name of the State, in lieu of *quo warranto.* Its object is to test the legality of the organization of the town of Waldron in Scott County into a single school district. The directors of the district, whose existence is being questioned, were made defendants. No valid objection can be urged to the form of the action or the parties litigant." Several authorities are cited by the court in support of the position assumed by it.

So it will be seen that the legality of the organization of McRae Special School District was distinctly put in issue and directly determined by a court of competent jurisdiction in the suit instituted by the Attorney General against the parties claiming to be directors of McRae Special School District. The particular issue sought to be determined in the present suit is the validity of the organization of McRae Special School District. That precise question was involved in the suit instituted by the Attorney General and the judgment in that case is conclusive in the present suit on all matters raised and determined in that action. No appeal was prosecuted from the judgment in the suit instituted by the Attorney General against the directors of McRae Special School District and the judgment in that case is *res adjudicata,* because the issues raised in that case and those raised in the present case are precisely the same. See *National Surety Company* v. *Coates,* 83 Ark. 545; *Morgan* v. *Kendrick,* 91 Ark. 394; *Pulaski County* v. *Hill,* 97 Ark. 450;

*Fourche River Lumber Company* v. *Walker,* 96 Ark. 540; and *Fogel* v. *Butler,* 96 Ark. 87.

It follows that the decree must be affirmed.