RURAL SPECIAL SCHOOL DISTRICT No. 6 *v.* BLAYLOCK.

Opinion delivered February 14, 1916.

1. SCHOOL DISTRICTS—SPECIAL ELECTION—SUFFICIENCY OF NOTICE.—The notice for an election to organize a rural special school district, must be given by the county judge, and is not within the control of the election officers or voters, and any irregularity in the giving of it, should not render the election void, unless the statute expressly makes it so.

2. SCHOOL DISTRICTS—SPECIAL RURAL SCHOOL DISTRICT—SUFFICIENCY OF NOTICE—ELECTION.—The notice for an election to organize a special rural school district, which omitted the month, and name of the county judge ordering the same, *held*, not to be insufficient, when a general school election was held at the same time, and all but three of the electors present voted in the special election.

Appeal from Yell Circuit Court, Danville District; *M. L. Davis*, Judge; reversed.

STATEMENT BY THE COURT.

This appeal comes from a judgment of the circuit court declaring invalid Rural Special School District No. 6 of Yell County. Twenty-two electors residing within the territory sought to be created into a rural special school district filed a petition therefor with the county judge, praying for an order calling an election to ascertain whether it should be so established, accompanied by a map showing the territory proposed to be included. The county court granted the petition and ordered an election to be held on the 16th of May, 1914, at Waveland, the school house in the common school district and in the

affected territory. Five notices were posted as required by law. The special school election was held on the 16th day of May pursuant to the order. The returns were certified up and the county court found that the election had been duly held; that twenty-seven votes were cast for the rural school district and one against, and that three electors attended this special school election who did not vote for or against the establishment of the school district, making in all thirty-one electors present at the election, and declared the district duly established. Common School Districts Nos. 75 and 85 of Yell County filed remonstrances with the county court, asking that the order creating the school district be set aside, which remonstrances were denied and from which order the remonstrants appealed to the circuit court where the case was tried upon an agreed statement of facts and the district adjudged to be invalid on account of the failure to give notice of the election as required by law. Copies of the notice recite that the election was ordered on the 8th of May. The court order fixed the date for the election on May 16, 1914, but the notice leaves out the month, May, and recites: "on the 16th day 1914," and further:

"Given under my hand as such County Judge this 8th day of May, 1914.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

County Judge Yell County, Arkansas."

but did not contain the name of the judge on the blank for signature. The 16th day of May was the date for the regular annual school election in the district and it was held on one side of the school room, while the election for the establishment of the territory into a rural special school district was held on the other side of the room. Twenty-seven of the electors present voted for the establishment of the district, one voted against it and three did not vote at all. The territory embraced in the proposed special school district included a portion of each of common school districts Nos. 75 and 85, upon which no electors or pupils lived, and the agreed statement of facts shows that there were ninety-three qualified

electors in common school district No. 6, all of which was included in the special school district at the time the election was held.

*Priddy & Chambers,* for appellant.

1. The notice was not void. The particular form and manner pointed out by the statute is not essential. Actual notice is all that is required. 50 Ark. 277; 92 *Id.* 70; 74 Ill. 277; 18 A. & E. Ann. Cas. 1138.

The appellee, *pro sese.*

1. The notice required by law was not given and there was a variance between the petition and the plat filed. This is fatal. Kirby's Dig., § 7669; Castle's Dig., § § 7695a and 7695b; 1 Words & Phr. 1204, (2 ed.) ; 112 Pac. 482; 33 Ark. 716; 43 *Id.* 425; 100 *Id.* 494; 17 How. Pr. 192; 77 S. W. 678; 87 *Id.* 580; 50 Ark. 256.

KIRBY, J., (after stating the facts). It is insisted that the court erred in holding the notice given of the time and place of holding the election for determining whether the territory proposed should be established into a special school district or not, insufficient.

The law requires that the county judge shall fix a day, not less than seven nor more than fifteen days distant from the date of the presentation of the petition, for holding an election, and cause notice thereof to be given by posting notices in at least five public places within the territory to be affected. Each elector within the territory proposed to be included in the district had the right to vote upon the question in the election, and the purpose of requiring notice is to give such information of the time and place of election as will enable the voters to exercise such right and express their choice upon the question.

(1)   The time fixed by the court's order was the 16th day of May, the date of the general school election, and the place, the school house in the district where the electors congregated upon that day. All who attended to vote at the annual school election knew certainly, of the special election for the establishment of the rural school district, and twenty-eight of the thirty-one electors present participated therein. The election was necessarily a

special one, of the holding of which the voters would not be expected to know, and, therefore, the notice is required.

In *Wheat* v. *Smith,* 50 Ark. 277, the court, speaking of a special election ordered to fill a vacancy in office, stated:

"There is no presumption that the voters know the date fixed by the writ of election, and they must be informed of it, but the established rule is that the particular form and manner pointed out by the statute for giving notice is not essential. Actual notice to the great body of electors is sufficient. The question in such cases is, whether the want of the statutory notice has resulted in depriving sufficient of the electors of the opportunity to exercise their franchise, to change the result of the election."

And further: "The voice of the people is not to be rejected for a defect or want of notice if they have, in truth, been called upon and have spoken."

The matter of giving the notice was not within the control of the election officers nor the voters, being required to be done by the county judge, and an irregularity in the giving of it should not render the election void unless the statute expressly makes it so which is not done in this instance. *Hogins* v. *Bullock,* 92 Ark. 70.

(2)  The notice purported to be given by the authority of the county judge notwithstanding there was no name signed to it. The statute does not expressly provide the form of notice to be given, and the failure to insert the month "May" could not have been misleading since it did recite that the election was ordered on May 8 and the law provides that it must be held not less than seven nor more than fifteen days from the presentation of the petition. Any elector not being certain of the time fixed from reading the notice, could easily have ascertained the correct date from the court's order and it appears that all who attended the general school election on the day fixed by law for the purpose, participated in the election on this question, but three, who knew of it and refused to vote, and it can not be said that the voters of the dis-

trict did not have sufficient notice to make the election valid.

The law providing for the establishing of rural special school districts requires only that a majority of those voting at the election therefor shall vote in favor of the proposition, and the testimony here shows that of all present one only voted against it, and three not voting would have been, at most, but four of all the electors against it, there being but thirty-one present. Act 321 of Acts 1909, section 7670, Kirby's Digest.

It is true the opinions in *Common School District* v. *Oak Grove Special School District,* 102 Ark. 416, and *Bonner* v. *Snipes,* 103 Ark. 304, contain the statement that "The district is established under the law if a majority of the qualified electors within the territory named in the petition before the county judge, shall vote for the establishment of such district," which was evidently inadvertently made, the court intending only to say the district is established when a majority of the ballots cast at the election are in favor thereof. The question was not raised nor a determination of it requisite to a decision in either of said cases.

The judgment of the circuit court reversing the judgment of the county court upholding the validity of the district is reversed and the cause remanded with directions to enter a judgment declaring same established and dismissing the petitions of appellees.