SCHOOL DISTRICT No. 25 v. PARKER.

Opinion delivered April 10, 1916.

1. SCHOOLS—RURAL SPECIAL SCHOOL DISTRICT—FORMATION.—The law providing for the establishment of rural special school districts, requires merely that a majority only of those voting at the election therefor, shall vote in favor of the proposition.

2. SCHOOLS—RURAL SPECIAL SCHOOL DISTRICTS—FORMATION—HARDSHIP.— A hardship worked upon a common school district, by the taking of certain of its property in the formation of a rural special school district, can not be relieved by the courts, everything being done in accordance with the statute.

Appeal from Polk Chancery Court; *James D. Shaver*, Chancellor; affirmed.

*J. I. Alley*, for appellant.

1. It was necessary in order to form this special district, that a majority of all the electors residing in the territory vote for its establishment. 103 Ark. 304; 102 *Id.* 411.

2. In forming the district it left less than thirty-five children of school age in district 25. Kirby's Digest, § 7543.

*Elmer J. Lundy*, for appellee.

1. A majority of those voting at the election is sufficient. Acts 1909, 947; 106 Ark. 306; 103 *Id.* 304; 102 *Id.* 411, 416.

2. The proposition that a rural special district cannot be formed if less than 35 children of school age are left in some other district is untenable. The Legislature has full power. 97 Ark. 71; 102 *Id.* 401; 112 *Id.* 437; 102 *Id.* 411.

SMITH, J.    On September 5th, 1914, an election was held for the purpose of forming Special School District No. 24 in Polk County.    In forming this special school district a large portion of Common School District No. 25 was taken, so much so that less than thirty-five children of school age were left in the common school district. The validity of the Special District is questioned upon two grounds:    *First,* that it was necessary, in order to form this special district, that a majority of all the electors residing in the territory to be formed into the special district, vote for its establishment before the court could make an order establishing it, and that a majority of the electors did not so vote.    *Second,* that in forming the special district less than thirty-five children of school age were left in Common School District No. 25, and that the Legislature did not intend that any such results should be accomplished, and that to uphold the Special District in this case leaves the Common School District without sufficient territory, revenue or children to maintain an efficient school.

(1)    As sustaining his first position appellant cites the cases of *Common School Dist.* v. *Oak Grove School Dist.,* 102 Ark. 411, and *Bonner* v. *Snipes,* 103 Ark. 298. But those cases do not so decide.    In the case of *Rural Special School District No. 6* v. *Blaylock,* 122 Ark. 418, we said:

"The law providing for the establishment of rural special school districts requires only that a majority of those voting at the election therefor shall vote in favor of the proposition.    *    *    *    It is true the opinions in *Common School District* v. *Oak Grove Special School District,* 102 Ark. 416, and *Bonner* v. *Snipes,* 103 Ark. 304, contain the statement that 'The district is established under the law if a majority of the qualified electors within the territory named in the petition before the county judge, shall vote for the establishment of such district,' which was evidently inadvertently made, the court intending only to say the district is established when a majority of the ballots cast at the election are in favor

thereof. The question was not raised nor a determination of it requisite to a decision in either of said cases.''

(2) We have also decided the second proposition adversely to appellant's contention. In the case of *Crow* v. *Special School District No. 2,* 102 Ark. 401, it was held that, under the authority of Act No. 321 of the Acts of 1909, page 947, any given territory in any county might be organized and established into a rural special school district except territory already included within a special school district; and this holding was repeated in the case of *Bonner* v. *Snipes,* 103 Ark. 298; and the proceedings here questioned were had under this act. The subject was again reviewed in the case of *Eubanks* v. *Futrell,* 112 Ark. 437. Similar questions were there involved and it was there pointed out that the efficiency of common school districts might be impaired or destroyed if the Act of 1909 was given a literal interpretation, and it was urged that this act of 1909 had been repealed by necessary implication by Act No. 116 of the Acts of 1911. But we held in the last cited case that the Act of 1911 did not repeal the Act of 1909 and that the effect of the last legislation on this subject was to provide a method by which common school districts might be consolidated as entireties, and had left in effect a statute providing a procedure by which portions only of common school districts might be organized into special school districts.

Manifestly results are being reached which work hardships and injustice on some rural communities, but, as we have said in all these cases, we have nothing to do with the questions of policy involved. This relief can come only from the Legislature.

The judgment of the court below must be affirmed, and it is so ordered.