## CLARDY *v.* WINN.

Opinion delivered February 4, 1924.

1. SCHOOLS AND SCHOOL DISTRICTS—OVERLAPPING DISTRICTS.—Two separate districts could not embrace the same territory at the same time.

2. SCHOOLS AND SCHOOL DISTRICTS—VALIDITY OF RURAL SPECIAL DISTRICT.—Under Kirby's Dig., § 7668, as amended by Acts 1909, p. 931, relative to urban special districts, and Gen. Acts 1919, p. 6, repealing Acts 1909, p. 947, and requiring rural special districts to take all of a common school district when any part is annexed, the creation by a county board of education of a new rural special school district, embracing all that remained of a common school district after an urban district had taken a part thereof, was legal.

Appeal from Howard Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*J. G. Sain* and *A. F. Auer,* for appellant.

The complaint stated a cause of action. The board of education acted without authority of law in creating Rural Special School District No. 26, and the appellees, directors, are without authority to act as directors thereof. 146 Ark. 32.

*W. P. Feazel,* for appellees.

1. Chancery will not act where there is a full and adequate remedy at law. In this case there was a full and adequate remedy by certiorari. 153 Ark. 50.

2. The directors, and not the taxpayers, were proper parties to sue. C. & M. Digest, § 8923; 128 Ark. 384.

3. The complaint does not state a cause of action. Act No. 15, approved March 11, 1919, has no application in this case, and as to the allegation with reference to board of education acting without authority in organ-

izing Rural Special School District No. 26, etc., the complaint states a mere conclusion. 105 Ark. 87; 139 Ark. 489.

SMITH, J. Appellants were the plaintiffs below, and for their cause of action filed the following complaint:

"Come the plaintiffs herein, and for their cause of action against the defendants herein state:

"That they are citizens, qualified electors and taxpayers within the territory embraced in Nashville Special School District, and are also taxpayers and patrons of Common School District No. 7, which is within Nashville Special School District.

"That the board of education of Howard County, on the 24th day of June, 1922, ordered and approved an organization of Rural Special School District No. 26 of Howard County, Arkansas, and the defendants, Q. W. Winn, Joe Green, C. P. Kelley, W. E. Kelley, J. L. Bearfield, Dave Graham, were named as directors of said school district, at an election ordered by the said board of education of Howard County, Arkansas.

"That the territory designated to the Rural Special District No. 26 of Howard County, Arkansas, is within the territory of Nashville Special School District, and was a part of Common School District No. 7 of Howard County, Arkansas.

"That, after the order approving the organization of said Rural Special School District No. 26, the directors of said school district attempted to qualify and elect teachers to teach in said district, and to collect taxes for said district, and have expended out of the funds of Common School District No. 7 the sum of ———— dollars.

"That the board of education of Howard County, Arkansas, acted without authority in approving the organization of the said Rural Special School District No. 26 of Howard County, Arkansas, and that the attempt in forming said district by the said board of education of Howard County, Arkansas, is in violation of law, and void.

"That the said defendant directors, if not enjoined, will proceed to spend money belonging to School District No. 7 in violation of law.

"That a temporary injunction should be issued, enjoining them from acting as school directors of Rural Special School District No. 26, and enjoining the said board of directors from expending any sum, or sums, of money until this cause can be heard."

The prayer of the complaint was that a temporary restraining order be issued enjoining the directors of Rural Special School District No. 26 from acting as directors of that district, and from expending any funds belonging to Common School District No. 7 in the hands of the treasurer of the county, and that the injunction be made perpetual on final hearing.

A demurrer was filed and sustained, and, as plaintiffs elected to stand on the complaint, it was dismissed as being without equity.

The complaint is somewhat ambiguous, but we interpret its allegations to be that plaintiffs were residents of Common School District No. 7 and patrons of the schools therein, and that a portion of the territory of that district was attached to Nashville Special School District, and the part remaining was absorbed by Rural Special School District No. 26 of Howard County. We do not know how otherwise to reconcile the allegations that plaintiffs are residents of Common School District No. 7 and are also residents of the Nashville Special School District. Two separate districts could not embrace the same territory at the same time. Plaintiffs might reside in one or the other, but they could not at the same time reside in both. We do not understand the complaint to allege that territory was taken from the Nashville Special School District to form the Rural Special School District No. 26; but we do understand the complaint to allege that the two special school districts are existent, and that each has taken territory from Common School District No. 7, and it is sought by this pro-

ceeding to restrain the directors of Rural Special School District No. 26 from using funds which would belong to Common School District No. 7, if that district is in existence.

On May 31, 1909, the General Assembly passed Act No. 312, found at page 931 of the Acts of 1909, which amended § 7668, Kirby's Digest. The section of the statutes amended allowed the incorporated cities and towns of the State, including territory annexed therefor for school purposes, to be organized into single school districts. The amendatory act provided that such school districts shall include all the territory of the city or town, and that, when the limits of the city or town are extended so as to include territory not before within the school district, all of said new territory should become a part of the special school district of said city or town.

On the same date on which this amendatory statute was passed, an original statute was passed, which became act 321 of the Acts of 1909, and is found at page 947 of the Acts of 1909. This act was entitled "An act to create special or single school districts in any county in the State of Arkansas, with same powers as are now granted to incorporated cities and towns for such purposes, and empowering the county judge to call said election."

Section 2 of act 321 provided that § 7669, Kirby's Digest, which prescribes the procedure for enlarging special school districts in cities and towns, should be followed in organizing rural special school districts provided for by act 321.

The case of *Special School District No. 2* v. *Special School District of Texarkana,* 111 Ark. 379, was a controversy between a rural and an urban special district, in which the urban district had annexed certain territory previously lying in the rural special district. It was insisted that, as these two acts were passed contemporaneously, their proper construction was that there was no legislative intent to authorize the urban special district to

"n crabe" the rural special district, once it had been formed. We held, however, that urban special districts might annex the territory of rural special districts, as well as the territory embraced in a common school district.

This court had previously held that act 312 authorized rural special school districts to annex the territory of common school districts by taking such portions of that territory as was included in the petitions therefor, but, in upholding this right, it was pointed out that injustice was frequently done to the residents of the unannexed portions of such common school districts by leaving them with inadequate territory to properly support their schools. *Common School District No. 13* v. *Oak Grove Special School District,* 102 Ark. 411; *Bonner* v. *Snipes,* 103 Ark. 298; *Bunch* v. *Chaffin,* 106 Ark. 306; *Eubanks* v. *Futrell,* 112 Ark. 437; *Crow* v. *Special School Dist. No. 2,* 102 Ark. 401.

The General Assembly, by act 15 of the Acts of 1919 (Acts 1919, page 6), repealed act 321 of the Acts of 1909. We so held in the case of *Common School District No. 52* v. *Rural Special School District No. 11,* 146 Ark. 32. By this act of 1919 it was provided that all of a common school district must be taken when any part thereof was annexed or organized into a rural special school district, and such districts cannot now be formed by taking any part of a common school district less than the whole thereof.

It appears therefore that an urban special or single school district may take a portion less than the whole of a common school district, but that a rural special school district cannot do so. We understand the complaint to allege that this is what was done here. The Nashville Special School District took a part of Common School District No. 7, and the Rural Special School District No. 26 took all of the remainder. As we have seen, the law permits this to be done, and the complaint does not therefore state a cause of action.

If we have not correctly interpreted the allegations of the complaint, then they are contradictory and mean ingless, and allege an impossible condition, for, as we have said, a special school district and a common school district could not embrace the same territory at the same time.

If the board of education did, in fact, take a part of Common School District No. 7 less than the whole thereof, as it then existed, and attach it to Rural Special School District No. 26, it did a thing which was not authorized by law, and relief against that order might have been obtained by a proceeding instituted within a reasonable time to have the order quashed by the circuit court on certiorari. *Mitchell* v. *Wright Hill Special School Dist., ante* p. 277; *Mitchell* v. *Directors of School District No. 13,* 153 Ark. 50.

It might also be true that citizens and taxpayers of a common school district which has been unlawfully dismembered might, by injunction, prevent the improper use of the funds of such district; but we decide only the question presented by the allegations of the complaint, and, as we do not understand the allegations of the complaint to allege that the order of the board of education, in establishing Rural Special School District No. 26, exceeded the powers of the board under the law, the demurrer was properly sustained and the complaint was properly dismissed. The decree is therefore affirmed.